```
                              UNITED STATES DISTRICT COURT
                              SOUTHERN DISTRICT OF FLORIDA

                              CASE NO.  12-22991-Civ-MORENO
                              MAGISTRATE JUDGE P.A. WHITE

CARLOS LOPEZ,                 :

       Petitioner,            :

v.                            :       REPORT OF
                                      MAGISTRATE JUDGE
ERIC HOLDER, et al.,

       Respondent.            :
_____
```

## Introduction

Carlow Lopez, a state prisoner incarcerated at South Bay Correctional Facility, in South Bay, Florida, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. §§2241-43, challenging an immigration detainer.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. §636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2255 Cases in the United States District Courts.

The court has for its consideration the petition [DE#1], the respondent's response to an order to show cause [DE#9], and Petitioner's reply [DE#14].

## Claims

Petitioner raises a constitutional challenge to an immigration detainer. He contends that the detainer is precluding him from participating in prison rehabilitative programs in the State of Florida. Petitioner also states that there is no repatriation agreement between the United States and Cuba.

Background

The relevant procedural history and factual background of this case is straightforward and not in dispute. Petitioner is a Cuban immigrant, who was paroled into the United States on an unknown date at Guantanamo, Cuba. Petitioner was subsequently convicted of various crimes. As a result, federal immigration authorities initiated proceedings to remove Petitioner from the United States. Petitioner is now subject to a final order of removal. Because Petitioner is subject to removal, immigration authorities filed a detainer with the State of Florida, asking that it be notified of Petitioner's release date from prison. Petitioner is scheduled to be released from the Florida Department of Corrections on September 17, 2015.

Discussion

*Threshold Issue - Custody*

Because a writ of habeas corpus functions to grant relief from unlawful custody, jurisdiction does not lie where the authority against whom relief is sought does not have custody of the petitioner. See 28 U.S.C. § 2241(c) ("the writ of habeas corpus shall not extent to a prisoner unless ... (1)[h]e is in custody under or by color of the authority of the United States or is committed for trial before some court thereof."). It is well settled in the Eleventh Circuit that the placement of an immigration detainer, alone, does not cause a petitioner to come within the custody of the immigration authorities for purposes of § 2241. See Orozco v. I.N.S., 911 F.2d 539, 541 (11th Cir. 1990). However, the weight of authority supports the conclusion that the placement of a detainer coupled with the existence of a final order of removal or deportation constitutes immigration "custody" for

purposes of federal habeas review.  See <u>Kumarasamy v. Attorney Gen. of U.S.</u>, 453 F.3d 169, 172-73 (3rd Cir. 2006)(individual does not have to be in physical custody of immigration authorities to satisfy "in custody" requirement; rather "in custody" requirement is satisfied when individual is subject to final order of removal); <u>Simmonds v. I.N.S.</u>, 326 F.3d 351, 354 (2nd Cir. 2003)(alien in state prison challenging final removal order was in "constructive custody" for purpose of allowing habeas review of subsequent immigration detention); <u>Garcia-Echaverria v. U.S.</u>, 376 F.3d 507, 511 (6th Cir. 2004)(federal prisoner was in immigration custody when he filed habeas petition challenging constitutionality of confinement, where final order of removal was in place); <u>Aquilera v. Kirkpatrick</u>, 241 F.3d 1286, 1291 (10th Cir. 2001)(even though alien habeas petitioners were not being "detained," they were "in custody" for habeas purposes because they were subject to final deportation orders); <u>Mustata v. U.S. Dep't of Justice</u>, 179 F.3d 1017, 1021 n. 4 (6th Cir. 1999)(final deportation order places alien petitioner constructively "in custody" because of "the specialized meaning those words have in the context of an immigration-related habeas petition"); <u>Nakaranurack v. United States</u>, 68 F.3d 290, 293 (9th Cir. 1995)(so long as alien petitioner is subject to a final order of deportation, he is deemed to be "in custody" for purposes of the Immigration and Nationality Act, and therefore may petition a district court for habeas review of the final deportation order); <u>Galaviz-Medina v. Wooten</u>, 27 F.3d 487, 493 (10th Cir. 1994)(immigration detainer plus final order of deportation rendered alien "in custody" of immigration authorities for purposes of habeas review, where alien challenged final deportation order).

Here, Petitioner is subject to final order of removal. Based on authority from other circuits, this renders Petitioner "in custody" for purposes of federal habeas review.

*Jurisdiction Under the REAL ID Act*

Respondent contends that Petitioner is not "in custody" because the caselaw upon which the Court relies predates passage of the REAL ID Act [DE#9, pp.5-7]. The provision of the REAL ID Act upon which Respondent relies states:

> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section.[1]

8 U.S.C. § 1252(a)(5). This provision of the REAL ID Act thus does not change the analysis of whether Petitioner is "in custody" for purposes of federal habeas corpus review. See <u>Rosales v. Bureau of Immigration & Customs Enforcement</u>, 426 F.3d 733, 735-36 (5th Cir. 2005). It does, however, raise the question of whether this Court has jurisdiction to entertain Petitioner's challenge to his

---

[1]Subsection (e) provides in relevant part:

Judicial review of any determination made under section 1225(b)(1) of this title is available in habeas corpus proceedings, but shall be limited to determinations of--

(A) whether the petitioner is an alien,

(B) whether the petitioner was ordered removed under such section, and

(C) whether the petitioner can prove by a preponderance of the evidence that the petitioner is an alien lawfully admitted for permanent residence, has been admitted as a refugee under section 1157 of this title, or has been granted asylum under section 1158 of this title, such status not having been terminated, and is entitled to such further inquiry as prescribed by the Attorney General pursuant to section 1225(b)(1)(C) of this title.

8 U.S.C. §1252(e). Petitioner cites this subsection, but fails to explain how it applies to his case [DE#14, p.3].

detainer, or whether exclusive jurisdiction over that claim lies in the Court of Appeals.  See Id.

The REAL ID Act altered the way in which noncitizens can seek review of administrative orders of removal, and divested the district courts of jurisdiction over § 2241 petitions attacking removal orders.  Id.  However, § 1252(a)(5) of the REAL ID Act, by its terms, only limits judicial review of orders of removal.  Where a habeas Petitioner does not seek review of an order of removal, the REAL ID Act does not apply.  Madu v. United States Attorney General, 470 F.3d 1362, 1368 (11th Cir. 2006); see also Trinidad y Garcia v. Thomas, 683 F.3d 952, 958 (9th Cir. 2012)(Thomas, J., concurring)(stating that the REAL ID Act's jurisdiction-stripping provisions do not remove federal habeas jurisdiction over petitions that do not directly challenge a final order of removal).  Indeed, the entire section is focused on orders of removal.  Id. (internal quotations and citations omitted).

To the extent that Petitioner may be challenging his removal order, Respondent is correct that the Court is without jurisdiction to entertain such a challenge.[2]  8 U.S.C. § 1252(a)(5).  The gravamen of Petitioner's claim, however, is that the detainer is prohibiting him from participating in prison rehabilitative programs [DE#14].  According to Petitioner, this constitutes a violation of due process and equal protection [Id.].  As relief, Petitioner seeks removal of the detainer so that he may participate in the prison rehabilitative programs, and so that he may be treated as other inmates [Id.].  In this respect, Petitioner's claims do not challenge his removal order. Rather, they challenge the effect of the immigration detainer on his current conditions of confinement.  Therefore, § 1252(a)(5) of the REAL ID Act does not

---

[2]Petitioner states that this is the first and only time he has "challenged the removal order in this case specifically a detainer lodged against him" [DE#14, p.3].

5

divest the Court of jurisdiction over this aspect of Petitioner's claims. See Madu, 470 F.3d at 1368.

The question remains, however, whether § 1252(g) strips this Court of jurisdiction to hear Petitioner's due process and equal protection claims. That section provides that:

> Except as provided in this section and notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, no court shall have jurisdiction to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or execute removal orders against any alien under this chapter.

8 U.S.C. § 1252(g). This provision bars courts from reviewing certain exercises of discretion by the attorney general. Madu, 470 F.3d at 1368. The provision is to be construed narrowly, and does not apply where the petition does not challenge the attorney general's exercise of discretion. Id. Here, assuming *arguendo* that the lodging of the detainer in this case constituted a discretionary decision or action by the attorney general within the meaning of § 1252(g), Petitioner's due process and equal protection claims do not challenge the exercise of that discretion. Again, these claims challenge the effect of the immigration detainer on Petitioner's current conditions of confinement. Accordingly, § 1252(g) does not apply. See Id.

*Constitutional Challenge to Effects of Detainer*

Petitioner contends that the detainer is precluding him from participating in State prison rehabilitative programs in Florida. He claims that this constitutes a denial of due process and equal protection.

A prisoner's liberty interest protected by the Due Process clause is generally limited to freedom from restraint that "imposes

6

atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." See Sandin v. Conner, 515 U.S. 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Courts have long held that changes in custody status, classification levels, and even denials of certain privileges are not atypical deprivations implicating constitutionally-protected liberty interests for due process purposes. See Moody v. Daggett, 429 U.S. 78, 88 n. 9, 97 S.Ct. 274, 279 n. 9, 50 L.Ed.2d 236 (1976)(noting generally that prison transfers and changes in classification status do not require due process protections); Murdoch v. Washington, 193 F.3d 510, 513 (7th Cir. 1999)(inmates have no protected liberty interest in attending rehabilitation program); Wishon v. Gammon, 978 F.2 446, 450 (8th Cir. 1992)(inmates have no constitutional right to educational or vocational opportunities); Canterino v. Wilson, 869 F.2d 948, 952–54 (6th Cir. 1989)(inmates have no constitutionally protected liberty interest in study and work-release programs or custody classification); Hernandez v. Johnston, 833 F.2d 1316, 1318 (9th Cir. 1987)(inmates have no federal right to particular inmate classification or eligibility for rehabilitative programs); Pugliese v. Nelson, 617 F.2d 916, 923 (2nd Cir. 1980)(same); Marchesani v. McCune, 531 F.2d 459 (10th Cir. 1976)(inmates have no protected liberty interest in particular custodial classification, even if classification affects eligibility for preferred job assignments, transfers to less restrictive institutions, social furloughs, or early parole); see also, e.g., Borrero v. Wells, No. CV 309-096, 2010 WL 3292696, at *2 (S.D.Ga. May 25, 2010), Report and Recommendation Adopted by 2010 WL 3292694 (N.D.Ga. Apr.12, 2010)(inmates have no federal constitutional right to participate in rehabilitative programs, including home detention)(unpublished)(citations omitted); Banks v. Ellis, No. 3:09cv425/WS/EMT, 2010 WL 1459742, at *3 (N.D.Fla. Mar.12, 2010), Report and Recommendation Adopted by 2010 WL 1459770 (N.D.Fla.

Apr.12, 2010)(plaintiff failed to allege facts showing that placement on "heightened security status" imposed significant hardship on him in relation to ordinary incidents of prison life prior to such placement; therefore, he failed to show he had constitutionally protected liberty interest in remaining on former custody status)(unpublished); Powell v. Ellis, No. 3:07cv1 60/MCR/EMT, 2007 WL 2669432, at *4 (N.D.Fla. Sept.7, 2007)(holding that prisoner had no liberty interest in particular job assignment or custody classification)(unpublished).

In the instant case, Petitioner has failed to allege facts showing that the immigration detainer imposes a significant or atypical hardship on him in relation to ordinary incidents of prison life. Therefore, he has failed to allege facts that would establish that he has a liberty interest protected by the Due Process clause. Additionally, a penal institution's use of detainers in deciding prisoners' eligibility for prison programs and early release does not offend equal protection principles. See McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999)(exclusion of prisoners with detainers from community-based treatment programs and sentence reduction eligibility does not offend equal protection); see also, e.g., Borrero, supra. Therefore, Petitioner is not entitled to relief on his due process and equal protection challenges.

*Challenge to Future Immigration Detention*

Petitioner states that there is no repatriation agreement between the United States and Cuba [DE#1]. As relief, Petitioner seeks removal of the detainer so that he may be released into the United States when his prison sentence expires [Id.]. Liberally construed, this appears to be a challenge to his future immigration detention.

In order for the court to take jurisdiction over an action, an actual case or controversy must be present. Rizzo v. Goode, 423 U.S. 362, 372, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); O'Shea v. Littleton, 414 U.S. 488, 493-95, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974); Johnson v. Sikes, 730 F.2d 644, 647 (11th Cir. 1984). Some "threatened or actual injury" must exist as a result of the allegedly wrongful actions of the defendant. O'Shea, 414 U.S. 493 (citing Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146, 35 L.Ed.2d 536 (1973)). This is because "[t]here must be a personal stake in the outcome such as to assure that concrete adverseness which sharpens the presentation of issues upon which the court so largely depends for illumination of difficult constitutional questions." Id. at 494. "Abstract injury is not enough. It must be alleged that the plaintiff has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged statute or official conduct." Id. Also to be considered are "prudential considerations" which require the court to abstain from rendering decisions that are premature or abstract or that "anticipate a question of constitutional law in advance of the necessity of deciding it." Sikes, 730 F.2d at 648-49 (quoting Ashwander v. TVA, 297 U.S. 288, 346, 56 S.Ct. 466, 80 L.Ed. 688(1936)).

Here, Petitioner's removal period has not yet begun, and it will not begin until he is released from confinement in the Florida Department of Corrections. Therefore, the issue of whether he will be removable to Cuba is not yet ripe for adjudication. Consequently, this claim is due to be dismissed. See, e.g., Jean-Henriquez v. Dep't of Homeland Sec., No. 4:05cv304/MMP/WCS, 2006 WL 1687853, at *3 (N.D.Fla. June 15, 2006)(habeas petitioner's claim under Zadvydas was not ripe, because 90-day removal period had not yet begun)(unpublished).

9

<u>Conclusion</u>

Based upon the foregoing, it is recommended that any claims Petitioner may be raising that challenge his order of removal or future detention be dismissed for lack of jurisdiction, and the petition for writ of habeas corpus otherwise be denied.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this <u>10th</u> day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE

cc: Carlos R. Lopez, <u>pro se</u>
DC# L167021 (A074-177-061)
South Bay Correctional Facility
600 U.S. Highway 27 South
South Bay, FL 33493

Jeffrey W. Dickstein, AUSA
99 N.E. 4th St., Suite 300
Miami, FL 33132